# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

|  |  |
|---|---|
| CHRISTY DAWN VARDEN et al., ) ) Plaintiffs, ) ) v. ) ) THE CITY OF CLANTON, ) ) Defendant. ) | Case No. 2:15-cv-34-MHT<br><br>(Class Action) |

## NOTICE

It is with great sadness that counsel files this notice to inform the Court that the named Plaintiff in this case, Christy Dawn Varden, passed away several days ago. Counsel has spoken to Ms. Varden's family and has confirmed her death.

Pursuant to Alabama law, Ms. Varden's claims pass to her heirs and representatives. Ala. Code § 6-5-464 ("All claims equitable in nature upon which an action has been filed shall survive in favor of and against the heirs, successors, or personal representative of any deceased party to such an action."); Ala. Code § 6-5-462 ("In all proceedings not of an equitable nature, all claims upon which an action has been filed … survive in favor of and against personal representatives…."); *see also, e.g., Estate of Gilliam ex rel. Waldroup v. City of Prattville*, 639 F.3d 1041, 1047 (11th Cir. 2011) ("So, when a § 1983 claim is actually filed prior to the victim's death, Alabama law provides compensation for the constitutional violation and imposes liability on the state official responsible for the unconstitutional conduct—a result consistent with the purposes of § 1983."); *Georgia Cas. & Sur. Co. v. White*, 582 So.2d 487, 491 (Ala.1991) (noting that filed tort claims pending in court at time of a party's death survive). Accordingly, counsel plans to file a Motion for Substitution within the time period required by Fed. R. Civ. Pro. 25(a)(1).

The named Plaintiff's personal claim for injunctive relief was already technically moot prior to her death because she was no longer in custody. The same is true for the claim of her heirs. However, this case fits within the "exception to that [mootness] requirement" for class action lawsuits in which "[i]t is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class." *Gerstein v. Pugh*, 420 U.S. 103, 111 n.4 (1975); *County of Riverside v. McLaughlin*, 500 U.S. 44, 51-52 (1991) ("In factually similar cases we have held that the termination of a class representative's claim does not moot the claims of the unnamed members of the class.") (internal quotations removed).

Therefore, the Court should proceed with the scheduled March 13, 2015, hearing concerning the application of a preliminary injunction to the unnamed class members because the "constant existence of a class of persons suffering the deprivation is certain." *Id.*; *see also U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 399-400 (1980) (discussing the "flexible character of the Art. III mootness doctrine" and explaining post-arrest detention as one of the "examples of cases found not to be moot, despite the loss of a 'personal stake' in the merits of the litigation by the proposed class representative"); *Stein v. Buccaneers Ltd.*, 772 F.3d 698, 704-06 (11th Cir. 2014) (explaining *Gerstein* and a long line of precedent holding that a class action does not become moot when the named plaintiff's personal stake expires); *Zeidman v. J. Ray McDermott*, 651 F.2d 1030, 1046 (5th Cir. July 1981) ("[J]usticiable claims may be made by either named or unnamed (class) plaintiffs; a suit that at the outset is justiciable because of the live claims of named plaintiffs may at a later stage be justiciable because of the live claims of the unnamed plaintiffs contained in a certified class."). As *Zeidman* explained, the question is whether "there exists a live controversy between the defendants *and at least some unnamed member of the plaintiffs' purported classes.*" *Id.* at 1041 (emphasis added); *see also Stein*, 772 F.3d at 704 (holding that *Zeidman* "is binding

precedent in the Eleventh Circuit"). Here, it is the unnamed members of the class who seek preliminary injunctive relief because they will continue to suffer unlawful jailing by the City every day until preliminary injunctive relief is granted by this Court.

Respectfully submitted,

*/s/ Alec Karakatsanis*
Alec Karakatsanis (D.C. Bar No. 999294)
(Admitted *Pro Hac Vice*)
Co-Founder
Equal Justice Under Law
916 G Street, NW Suite 701
Washington, DC 20001
(202)-681-2409
alec@equaljusticeunderlaw.org

*/s/ J. Mitch McGuire*
J. Mitch McGuire (ASB-8317-S69M)
Managing Partner
McGuire & Associates, LLC
31 Clayton Street
Montgomery, AL 36104
(334)-517-1000
jmcguire@mandabusinesslaw.com

*/s/Matthew Swerdlin*
Matthew Swerdlin (ASB-9090-M74S)
Matthew Swerdlin, Attorney at Law
1736 Oxmoor Road #101
Birmingham, AL 35209
(205)-793-3517
matt@attorneyswerdlin.com

*/s/ William M. Dawson*
William M. Dawson (ASB-3976-S80W)
Dawson Law Office
2229 Morris Avenue
Birmingham, Alabama 35203
205-307-7021

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I certify that a copy of this Notice has, on March 9, 2015, been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing upon counsel for the Defendant in this matter:

James W. Porter II
R. Warren Kinney

Porter, Porter & Hassinger, P.C.
P.O. Box 128
Birmingham, Alabama 35201-0128
(205) 322-1744
jwporterii@pphlaw.net, wkinney@pphlaw.net

Shannon L. Holliday (ASB-5440-y77s)
Lee H. Copeland (ASB-3461-o72l)

Copeland, Franco, Screws & Gill, P.A.
444 S. Perry Street (36104)
Post Office Box 347
Montgomery, AL 36101-0347
T: 334/834-1180 F: 334/834-3172
Email: holliday@copelandfranco.com
Email: copeland@copelandfranco.com

Counsel for Defendant – City of Clanton

                                                  */s/ Alec Karakatsanis*
                                                  Alec Karakatsanis

                                                  Attorney for the Plaintiffs