IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTY DAWN VARDEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:15-cv-34-MHT |
| | ) | |
| THE CITY OF CLANTON, | ) | |
| | ) | **(opposed)** |
| Defendant. | ) | |

**MOTION TO CONTINUE 3.13.15 HEARING**

COMES NOW, Defendant, the City of Clanton, Alabama and shows this Court that the claims of Plaintiff Christy Varden for a Preliminary Injunction and Class Certification cannot be held prior to the appointment of her legal representative due to her recent passing. [Doc. 38] Therefore, the Defendant City of Clanton would ask that this Court cancel the hearing on the Plaintiff's Motion for a Preliminary Injunction and Motion for Class Certification currently scheduled for March 13, 2015 at 10:00 AM, averring as follows:

1. Plaintiff has argued that there need not be a class representative for this Court to hold the hearings currently scheduled for this Friday on preliminary injunction and class certification.

2. However, no class has been certified and Fed. R. Civ. P. 25, and the case law construing it, are absolutely clear that there must be an actual plaintiff and not a phantom when the plaintiff has died.

3. The former Plaintiff's counsel argues that because a motion for class certification was filed, this Court has the jurisdiction to take any action it desires without an actual party before the court and without regard for Rule 25.

4. The Plaintiff's counsel seems to treat the class previously sought by Ms. Varden in this case as having already been certified.

5. However, this Court has no jurisdiction over unnamed class members, unless and until it certifies the class. *See In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1245 (11th Cir. 2006)(citing *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig.*, 134 F.3d 133, 141 (3rd Cir. 1998), for the proposition that "courts lack *in personam* jurisdiction over putative class members where" no class has been certified); *see also Devlin v. Scardelletti*, 536 U.S. 1, 16 n. 1 (2002)(Scalia, J. dissenting)("Not even petitioner, however, is willing to advance the novel and surely erroneous argument that a nonnamed class member is a party to the class-action litigation *before the class is certified*")(emphasis original).

6. No class has been certified in the current action, and no one has been substituted for Ms. Varden either as a party or as the representative of her estate.

7. Pursuant to Fed. R. Civ. P. 25(a), a "motion for substitution may be made by any party or by the decedent's successor or representative" within "90 days after service of a statement noting the death."

8. A hearing should be conducted after service of the notice. Fed. R. Civ. P. 25(a)(3); *see Marcano v. Offshore Venezuela*, 497 F.Supp. 204, 208 (E.D. La. 1980)(holding that administrator must prove to the court his status as a legal representative of the estate of the plaintiff); *In re Motor Fuel Temperature Sales Practices Litigation*, 2009 WL 2973221, at *2 (D. Kan. 2009)("The court will not grant plaintiffs' motion for substitution unless plaintiffs can show that Rule 25's 'proper party' requirement is satisfied").

9. Furthermore, a "timely motion for substitution can be granted only with respect to claims that are not extinguished by death." *In re Eads*, 134 B.R. 380, 384 (E.D. Cal. 1991). "The moving party has the obligation, out of good lawyerly practice, to address the issue, as do all others appearing in connection with the motion. But, as it is a question of substantive law, the court must consider the question even if the parties are oblivious to it." *Id.* at 384, n. 10.

10. Despite that there is no Plaintiff currently before the Court, Ms. Varden's counsel has opposed the Defendant's Motion to Continue the hearing on her Motions for a Preliminary Injunction and Class Certification. "[T[he Court should proceed with the scheduled March 13, 2015 hearing." Doc. 38, p. 2.

11. Considering the numerous, and as-of-yet not fully contemplated, implications of her passing on the prosecution of this case, the Defendant City of Clanton requests that the hearing on Friday be cancelled out of necessity.[1]

WHEREFORE, the foregoing premises considered, the Defendant City of Clanton would ask this that this Court cancel the hearing currently scheduled for March 13, 2015.

    Respectfully submitted,

    s/ R. Warren Kinney
    James W. Porter, II
    R. Warren Kinney
    *Attorneys for City of Clanton*

---

[1] For example, Ms. Varden's counsel has broadly asserted that her "claims pass to her heirs and representatives" [Doc. 38, p.1], without any indication as to who those might be. Without time to fully research and brief these issues, the City of Clanton OBJECTS to such assertions. An administratrix "has no standing to seek injunctive relief because she cannot demonstrate that she, as administratrix, or the estate will suffer immediate harm if the requested relief is not granted." *Ex parte Alabama Dept. of Mental Health and Retardation*, 937 So.2d 808, 811 (Ala. 2002); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985)(holding former prisoner's claim for injunctive relief moot where prisoner was, subsequent to the filing of his complaint, transferred to another facility). The claimed harm supposedly committed by the City of Clanton very clearly cannot be capable of being repeated as against the only Plaintiff to this action, nor would an administratrix of Ms. Varden's estate suffer the threat of immediate harm, lest she attempt to intentionally break the law within the jurisdiction of the City of Clanton and be caught for doing so. Regardless, numerous issues would need to be considered and ruled upon before proceeding with the litigation of this case, most significantly the appropriateness of any substitution for the only named Plaintiff, Christy Varden.

                      **Porter, Porter & Hassinger, P.C.**
P.O. Box 128
Birmingham, Alabama 35201-0128
(205) 322-1744
jwporterii@pphlaw.net,
wkinney@pphlaw.net


Shannon L. Holiday
Lee H. Copeland
*Attorneys for City of Clanton*

**Copeland, Franco, Screws & Gill,**
444 S. Perry Street (36104)
Post Office Box 347
Montgomery, AL 36101-0347
T: 334/834-1180 F: 334/834-3172
holliday@copelandfranco.com
copeland@copelandfranco.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been ***electronically filed*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon the following, this the 9th day of March, 2015. If Notice of Electronic Filing indicates that Notice should be delivered by other means to any of the following, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

Matthew Swerdlin, Esq.
1736 Oxmoor Road #101
Birmingham, AL 35209

J. Mitch McGuire, Esq.
**McGuire & Associates, LLC**
31 Clayton Street
Montgomery, AL 36104

William M. Dawson, Esq.
**Dawson Law Office**
2229 Morris Avenue
Birmingham, AL 35203

Alec Karakatsanis, Esq.
**Equal Justice Under Law**
916 G Street, NW Suite 701
Washington, DC 20001

                                                              s/ R. Warren Kinney
                                                              OF COUNSEL