# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

CHRISTY DAWN VARDEN et al.,

    Plaintiffs,

v.

THE CITY OF CLANTON,

    Defendant.

Case No. 2:15-cv-34-MHT

(Class Action)

## MOTION FOR EXPEDITED DISCOVERY

Plaintiffs' counsel have been informed several days ago by the Clanton Police Department and by counsel for the City in this case that the City's lawyers have instructed the Clanton police not to give Plaintiffs' counsel the names of new arrestees. In the past, the Clanton Police Department took the position that arrest reports and the names of arrestees were public information and readily provided them to counsel for the Plaintiffs and the public at large. However, now that the City has taken the position that it can avoid a ruling from this Court by virtue of what it claims is the lack of a named Plaintiff, its retained lawyers have instructed City police no longer to provide arrest reports or the names of arrestees to counsel for the Plaintiffs.

The City thus argues on the one hand that this Court should not do anything about its illegal practices because the class lacks a named Plaintiff while, at the same time, the City is going to extraordinary and unlawful measures to prevent the Plaintiffs from adding additional named Plaintiffs. Indeed, the City's position is clearly erroneous under state law, which provides that such arrest reports are open public records (as the Clanton Police Department had previously determined). *See* Ala. Code § 36-12-40 ("Every citizen has a right to inspect and take a copy of any public writing of this state, except as otherwise expressly provided by statute."); *see also*

*Allen v. Barksdale*, 32 So. 3d 1264, 1274 (Ala. 2009) (holding that open records laws must be broadly construed in favor of openness and that incident reports—even of those occurring inside a state prison—must be public, even if any sensitive information in them should be redacted). Thus, in addition to denying indigent arrestees access to pro bono lawyers who seek to help them—a fact disturbing enough in itself—the City is now obstructing lawful methods of curing the purported defect that the City itself relies on.

Accordingly, Plaintiffs have good cause to request an order for expedited discovery requiring the City to provide to the Plaintiffs the arrest reports and names of new City arrestees, which is clearly discoverable information under Fed. R. Civ. P. 26. Numerous cases establish that the Plaintiffs are entitled to limited expedited discovery upon a showing of good cause, including when they seek information relevant to a preliminary injunction. *Burns v. City of Alexander City*, 2014 WL 2440981, at *1 (M.D. Ala. 2014) ("Courts generally find good cause in cases in which there is potential spoliation of evidence, the plaintiff seeks a preliminary injunction, or in which unique circumstances exist that require immediate, limited discovery."); *Pod-Ners v. N. Feed & Bean of Lucerne*, 204 F.R.D. 675, 676 (D. Colo. 2002) ("In addition, expedited discovery may be appropriate in cases where the plaintiff seeks a preliminary injunction."); *Ellsworth Associates v. United States*, 917 F.Supp. 841, 844 (D.D.C.1996) (explaining that "[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings" and that "courts have routinely granted expedited discovery in cases involving challenges to constitutionality of government action."); *Arista Records v. Does 1-7*, 2008 WL 542709, at *1 (M.D. Ga. 2008) (granting expedited discovery after showing prima facie case of meritorious claims); *see also* Fed. R. Civ. P. 26 Adv. Comm. Notes (1993 amendments) (expedited discovery is appropriate in

cases "such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction")."

The Plaintiffs therefore request an order from this Court directing the City to provide to Plaintiffs' counsel as soon as practicable after arrest—and on any occasion that the Plaintiffs request such information during normal business hours—the names of new City arrestees. This discovery will also help to ensure that there are no further victims of these practices as the City begins to implement the relief requested by the Plaintiffs. *See* Doc. 40-1. The Plaintiffs have no objection to the redaction of sensitive personal information from arrest reports.

Respectfully submitted,

 */s/ Alec Karakatsanis*_____
Alec Karakatsanis (D.C. Bar No. 999294)
(Admitted *Pro Hac Vice*)

Equal Justice Under Law
916 G Street, NW Suite 701
Washington, DC 20001
(202)-681-2409
alec@equaljusticeunderlaw.org

 */s/ J. Mitch McGuire*_____
J. Mitch McGuire (ASB-8317-S69M)

McGuire & Associates, LLC
31 Clayton Street
Montgomery, AL 36104
(334)-517-1000
jmcguire@mandabusinesslaw.com

 */s/Matthew Swerdlin*_____
Matthew Swerdlin (ASB-9090-M74S)

Matthew Swerdlin, Attorney at Law
1736 Oxmoor Road #101
Birmingham, AL 35209
(205)-793-3517

matt@attorneyswerdlin.com

  */s/ William M. Dawson*
William M. Dawson (ASB-3976-S80W)

Dawson Law Office
2229 Morris Avenue
Birmingham, Alabama 35203
205-307-7021

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I certify that a copy of this document has, on March 10, 2015, been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing upon counsel for the Defendant in this matter:

James W. Porter II
R. Warren Kinney

Porter, Porter & Hassinger, P.C.
P.O. Box 128
Birmingham, Alabama 35201-0128
(205) 322-1744
jwporterii@pphlaw.net, wkinney@pphlaw.net

Shannon L. Holliday (ASB-5440-y77s)
Lee H. Copeland (ASB-3461-o72l)

Copeland, Franco, Screws & Gill, P.A.
444 S. Perry Street (36104)
Post Office Box 347
Montgomery, AL 36101-0347
T: 334/834-1180 F: 334/834-3172
Email: holliday@copelandfranco.com
Email: copeland@copelandfranco.com

Counsel for Defendant – City of Clanton

                                          */s/ Alec Karakatsanis*
                                          Alec Karakatsanis

                                          Attorney for the Plaintiffs