IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTY DAWN VARDEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:15-cv-34-MHT |
| | ) | |
| THE CITY OF CLANTON, | ) | |
| | ) | |
| Defendant. | ) | |

**OMNIBUS RESPONSE TO MOTION FOR EXPEDITED DISCOVERY AND REPLY TO MOTION TO CONTINUE**

COMES NOW the Defendant, the City of Clanton, and offers the following in Response the Plaintiff's Motion for Expedited Discovery and in Reply to the City's Motion to Continue:

1. Regardless of how the City of Clanton treated arrest records in the past, those documents are <u>not</u> public records. Ala. Code § 12-21-3.1 ("**Law enforcement investigative reports and related investigative material are not public records**"). The City is under no obligation to provide the Plaintiff's counsel with those records.

2. Moreover, Plaintiff, at present, cannot meet the statutory showing required to obtain said documents in discovery.

3. The Plaintiff's counsel openly admits that they are attempting to obtain those records, not for purposes related the preliminary injunction hearing, but to <u>solicit new clients</u> in contravention of ALABAMA RULE OF PROFESSIONAL CONDUCT 7.3, Direct Contact With Prospective Clients. [Doc. 41, p. 2 n. 1].

4. The Plaintiff's counsel claims that they have "good cause" to seek expedited (and <u>privileged</u>) discovery, when no such cause exists. Nothing indicates that the City of Clanton would destroy its very recent arrest records, necessary for the investigation of and prosecution of criminal defendants, obviating the Plaintiff's counsels claims of possible spoliation.

5. Furthermore, the discovery sought is not necessary, or even related, to the motion for a preliminary injunction previously filed by Plaintiff Varden on January 16, 2015. [Doc. 2] Indeed, her counsel only filed the Motion for the discovery *three (3) days* before the hearing which has been scheduled for several weeks.

6. In light of Ms. Varden's recent death, her counsel are essentially requesting discovery in a lawsuit without a plaintiff from the defendant so that they can attempt to solicit a client to bring before the Court in order that it might obtain jurisdiction, which it otherwise would not have, to enter a preliminary injunction. By seeking the discovery, Ms. Varden's counsel

seem to have tacitly recognized that her case is moot, with the exception, perhaps, of her damages claim, and are now scrambling for ways to circumvent that mootness.

7. Additionally, and with stupefying cavalierness, the Plaintiff's counsel has erroneously asserted that:

    a. The City "admitted" it was previously violating the Constitution;

    b. The City "does not contest" that a case or controversy exists, despite that Christy Varden has died; and

    c. The City "does not contest" this Court's power to issue a preliminary injunction *prior* to any certification of class status in this case, and *after* the *only* named Plaintiff, Christy Varden, has passed.

8. The assertions of the Plaintiff's counsel are self-serving, incorrect, and without support.

9. For the record, though, the City of Clanton:

    a. Absolutely <u>does contest</u> the accusations that prior to the Clanton Municipal Court having issued its Orders dated March 9, 2015 its bail options for criminal defendants were unconstitutional;

    b. <u>Does contest</u> that a case or controversy exists now that Ms. Varden has died;

c. <u>Does Contest</u> that this Court has the power to issue a preliminary injunction regarding Ms. Varden's claims in light of her recent passing; and

d. <u>Does Contest</u> the issuance of a preliminary injunction (if the Court were to have the power to do so), considering that the Clanton Municipal Court entered its Orders dated March 9, 2015.

10. Plaintiff's counsel now concedes that the class cannot be certified and the class certification hearing cannot go forward without at least Ms. Varden's personal representative or some live plaintiff to serve as class representative. [Doc. 41, p. 1].

11. However, Plaintiff's counsel, as noted above, has chosen wholly to mischaracterize Clanton's other arguments. What Clanton has argued is that the dictates of Rule 25 must be followed and that further briefing relative to whether Ms. Varden's claims survive her must be afforded before this Court may issue a preliminary injunction in this matter. Plaintiff's counsel has yet to point to any case law which would suggest that a preliminary injunction may issue in a case in which there is no living person serving as the plaintiff. The dictates of Rule 25 are neither mysterious nor complicated. They apply here, and Plaintiff's counsel's personal desire for a speedy resolution does not trump the orderly

administration of the court pursuant to the dictates of the Federal Rules of Civil Procedure.

12. The case law that Plaintiff's counsel has cited relative to class actions and cases in which a plaintiff's claim has been mooted (but where the plaintiffs are clearly alive and well) simply are not relevant to his position that a court can issue a preliminary injunction in a case in which there is no plaintiff at all.

13. The case before this Court, though, has no plaintiff; Christy Varden died on March 5, 2015. Without question, she lost her 'personal stake' in this litigation such that an Art. III 'case or controversy" is implicated and her legal representative pursuant to Rule 25 must be appointed before further action may be taken and the implications of her death may be litigated.

14. Again, and as noted in its Motion to Continue [Doc. 38], the numerous implications of Christy Varden's passing on this case are not yet even ripe to be addressed considering that no personal representative has been named, substituted in the case, or even approved by the Court.

15. For example, Ms. Varden's attorney-client relationship with her counsel terminated upon her death. *Gothberg v. Town of Plainville*, --- F.R.D. ---, 2015 WL 902539, at *4 (D. Conn. March 4, 2015)(holding that Fed. R. Civ. P. 25(3) "reaffirms the principle that an attorney-client relationship

terminates upon the death of the client, *see, e.g., Jones Inlet Marina, Inc. v. Inglima*, 204 F.R.D. 238, 240 (E.D.N.Y.2001), and extinguishes any notion that an attorney-client relationship automatically vests between the attorney and the estate of the deceased client").

16. The only basis for the outlandish nature of the Plaintiff counsel's request to have this Court hold a hearing in a case without a plaintiff would be that some terrible injury will occur without this extraordinary measure. But even the Plaintiff's counsel recognizes that no such injury will occur because the Clanton Municipal Court judge, Hollis Jackson, entered the Standing Order [Doc. 41-1] demonstrating the Court's adjustment of the policies and/or practices on which Ms. Varden originally based her claims, and there is not an ounce of evidence (nor could there be) that the City will not comply with the Municipal Court's Order.

WHEREFORE, the foregoing premises considered, the Defendant City of Clanton requests that the hearing on the Motions for a Preliminary Injunction and Class Certification be cancelled out of necessity and in accordance with the Rules of Civil Procedure, and continued until at least such time that a representative of Ms. Varden's estate has been named and approved by the Court.

Respectfully submitted,

s/ R. Warren Kinney
James W. Porter, II
R. Warren Kinney
*Attorneys for City of Clanton*

**Porter, Porter & Hassinger, P.C.**
P.O. Box 128
Birmingham, Alabama 35201-0128
(205) 322-1744
jwporterii@pphlaw.net,
wkinney@pphlaw.net


Shannon L. Holiday
Lee H. Copeland
*Attorneys for City of Clanton*

**Copeland, Franco, Screws & Gill,**
444 S. Perry Street (36104)
Post Office Box 347
Montgomery, AL 36101-0347
T: 334/834-1180 F: 334/834-3172
holliday@copelandfranco.com
copeland@copelandfranco.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been ***electronically filed*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon the following, this the 10th day of March, 2015. If Notice of Electronic Filing indicates that Notice should be delivered by other means to any of the following, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

Matthew Swerdlin, Esq.
1736 Oxmoor Road #101
Birmingham, AL 35209

J. Mitch McGuire, Esq.
**McGuire & Associates, LLC**
31 Clayton Street
Montgomery, AL 36104

William M. Dawson, Esq.
**Dawson Law Office**
2229 Morris Avenue
Birmingham, AL 35203

Alec Karakatsanis, Esq.
**Equal Justice Under Law**
916 G Street, NW Suite 701
Washington, DC 20001

<span style="margin-left:50%">s/ R. Warren Kinney<br>OF COUNSEL</span>