IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTY DAWN VARDEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:15-cv-34-MHT |
| THE CITY OF CLANTON, | ) |
| Defendant. | ) |

**SUGGESTION OF DEATH BY DEFENDANT**

COMES NOW, the Defendant, City of Clanton, and files this Suggestion of Death and hereby notifies the Court and Parties of the death of Plaintiff Christy Dawn Varden. This filing is made in an abundance of caution based on case law that suggests that the Decedent's attorney is not permitted to do so as a matter of law.

In Fehrenbacher v. Quackenbush, 759 F. Supp. 1516 (D. Kan. 1991), the district court held that a suggestion of death filed by a decedent's lawyer was invalid because the lawyer "for the deceased party may not make the suggestion of death since he is not himself a party to the action and, since his authority terminated on the death, he is not a 'representative of the deceased party' of the sort contemplated by the rule." Id. at 1518 (quoting 7C C. Wright & A. Miller & M. Kane, Federal Practice and Procedure, Civil, §1955, at 545 (2d ed. 1986)). Similarly, in International Cablevision, Inc. v. Sykes, 172 F.R.D. 63 (W.D.N.Y. 1997), the district court held that a letter sent by the decedent's lawyer to the court and opposing counsel was an invalid notice of death under Rule 25(a)(1) because "the letter in question came from the deceased defendant's attorney [and was thus]... ineffective under case precedent." Id. at 66. (citing Al-Jundi v. Estate of Rockefeller, 757 F. Supp. 206, 210 (W.D.N.Y. 1990); Smith v. Planas, 151 F.R.D. 547, 549-50 (S.D.N.Y.

1993)). Finally, in Kessler v. Southeast Permanente Medical Group of North Carolina, P.A., 165 F.R.D. 54 (E.D.N.C. 1995), the district court held that "the personal representative of a decedent's estate or another party to the action must make the suggestion of death upon the record and a decedent's attorney or other non-party does not have that authority." Id. at 56.

The Fourth Circuit in Fariss v. Lynchburg Foundry, 769 F.2d 958, 961-963 (4th Cir. Va. 1985), went so far as to hold that service on the decedent's attorney is insufficient to trigger the ninety-day time period for service of the motion to substitute under Rule 25, and for that reason, based on the presumption that Ms. Varden's mother will serve as her personal representative, service of this document is being made on her mother. In that Fourth Circuit case, the Court wrote: "The attorney's agency to act ceases with the death of his client, see Restatement (Second) of Agency § 120(1) (1958), and he has no power to continue or terminate an action on his own initiative." Id. at 962. The Fourth Circuit did note exceptions to the service-on-the-administrator rule where no administrator had been appointed and the death had only recently occurred. Id.

Very recently in Woodson v. City of Richmond, 2014 U.S. Dist. LEXIS 178906, 9-12 (E.D. Va. Dec. 31, 2014), the District Court for the Eastern District of Virginia also considered this issue and determined that the attorney for the deceased could not file the suggestion of death because the attorney lacked the authority to represent the deceased after his death:

> The Wright & Miller treatise on Federal Practice and Procedure states that "[i]t has been held that the attorney for the deceased party may not make the statement noting death since the attorney is not a party to the action and, since the attorney's authority to represent the deceased terminated on the death, the attorney is not a representative of the decedent of the sort contemplated in the rule." 7C C. Wright & A. Miller & M. Kane & R. Marcus & A. Steinman, Federal Practices and Procedures, Civil §1955 (3d ed.). In addition, Moore's Federal Practice states that "[t]he courts read [Rule 25(a)(1)] as allowing service of the statement noting the death by any of the same persons who may move for substitution." 6 J. Moore, Federal Practice, §25.13[2][a] (3d ed. 2014). Moore's further informs that "several courts have ruled that an attorney acting on behalf of the decedent has no authority to file a statement noting the death of a party, so that . . . such an attorney-served

statement does not start the 90-day time period. The sound reasoning behind these decisions is that the attorney is not a party to the action, and his or her authority to represent the decedent terminates on death." Id.

      The Wright & Miller treatise on Federal Practice and Procedure states that "[i]t has been held that the attorney for the deceased party may not make the statement noting death since the attorney is not a party to the action and, since the attorney's authority to represent the deceased terminated on the death, the attorney is not a representative of the decedent of the sort contemplated in the rule." 7C C. Wright & A. Miller & M. Kane & R. Marcus & A. Steinman, Federal Practices and Procedures, Civil §1955 (3d ed.). In addition, Moore's Federal Practice states that "[t]he courts read [Rule 25(a)(1)] as allowing service of the statement noting the death by any of the same persons who may move for substitution." 6 J. Moore, Federal Practice, §25.13[2][a] (3d ed. 2014). Moore's further informs that "several courts have ruled that an attorney acting on behalf of the decedent has no authority to file a statement noting the death of a party, so that . . . such an attorney-served statement does not start the 90-day time period. The sound reasoning behind these decisions is that the attorney is not a party to the action, and his or her authority to represent the decedent terminates on death." Id.

Id. at *8-9.

## CONCLUSION

To the extent that the initial Suggestion of Death was not consistent with the requirements of Rule 25, the foregoing is consistent with Rule 25 and triggers the running of the 90-day period for the filing of a motion to substitute.

Submitted this the 11th day of March, 2015.

      s/ Shannon L. Holliday
Lee H. Copeland (ASB-3461-o72l)
Shannon L. Holliday (ASB-5440-y77s)
Copeland, Franco, Screws & Gill, P.A.
444 S. Perry Street (36104)
Post Office Box 347
Montgomery, AL 36101-0347
T:  334/834-1180   F:  334/834-3172
Email:  copeland@copelandfranco.com
Email:  holliday@copelandfranco.com
**Counsel for Defendant – City of Clanton**

James W. Porter, II
R. Warren Kinney
Porter, Porter & Hassinger, P.C.
Post Office Box 128
Birmingham, AL 35201-0128
T:  205/322-1744
Email:  jwporterii@pphlaw.net
Email:  wkinney@pphlaw.net
**Co-Counsel for Defendant – City of Clanton**

# **CERTIFICATE OF SERVICE**

       I hereby certify that on the 11th day of March, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew Swerdlin
1736 Oxmoor Road #101
Birmingham, AL 35209
Email: matt@attorneyswerdlin.com

J. Mitchell McGuire
McGuire & Associates, LLC
31 Clayton Street
Montgomery, AL 36104
Email: jmcguire@mandabusinesslaw.com

William M. Dawson
Dawson Law Office
2229 Morris Avenue
Birmingham, AL 35203
Email: billdawson94@hotmail.com

Alec Karakatsanis
Equal Justice Under Law
916 G Street, NW Suite 701
Washington, D.C. 20001
Email: alec@equaljusticeunderlaw.org

James W. Porter, II
R. Warren Kinney
Porter, Porter & Hassinger, P.C.
Post Office Box 128
Birmingham, AL 35201-0128
Email: jwporterii@pphlaw.net
Email: wkinney@pphlaw.net

and via certified mail return receipt requested to the following:

Peggy Jones
99 County Road 466
Clanton, AL 35045

                                                               s/ Shannon L. Holliday
                                                               Of Counsel