IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| PEGGY JONES, as Administrator of the Estate and Personal Representative of Christy Dawn Varden, et al. | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: 2:15-cv-34-MHT-WC |
| THE CITY OF CLANTON, | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTION
TO MOTION FOR SUBSTITUTION**

COMES NOW, Defendant, the City of Clanton, AL and OBJECTS to the Plaintiff's Motion to Substitute Peggy Jones, as Administrator of the Estate and Personal Representative of Christy Dawn Varden [Doc. 49]. While the Defendant has no basis at this time for objecting to the issuance of Ms. Varden's letters of administration, the City, out of an abundance of caution, objects to Ms. Jones' substitution for the Plaintiff Christy Dawn Varden based upon the following:

1. The Court ordered an Objection to be filed within seven days of its Order granting the Motion [Doc. 54].

2. Peggy Jones has not been subjected to the same allegedly unconstitutional treatment as Ms. Varden and other potential class members, and would therefore be an inadequate representative of the class of unnamed plaintiffs. *See, e.g.*, *Ex parte Prudential Ins. Co. of America*, 721 So.2d 1135, 1137 (Ala. 1998)(internal citations omitted)("Rule 23(a) 'inherently mandates that the person bringing the action must be a member of the class he seeks to represent'"); *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006)(holding that a "proposed class representative must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests of other class members").

3. Ms. Jones does not have standing to bring the claims of Ms. Varden seeking equitable relief. *See, e.g.*, *Ex parte Alabama Dept. of Mental Health and Retardation*, 837 So.2d 808, 811 (Ala. 2002)(holding that administratrix of deceased's estate had "no standing to seek injunctive relief because she cannot demonstrate that she, as administratrix, or the estate will suffer immediate harm if the requested relief is not granted").

4. For this same reason, *i.e.* that she has no standing to bring Ms. Varden's equitable claims, Ms. Jones could not serve as representative of the sought class of plaintiffs. *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266,

1279 (11th Cir. 2000)(noting that the class representative must have Article III standing to bring the each class sub-claim).

5. Additionally, it is undisputed that Peggy Jones pledged a property bond on behalf of Ms. Varden in order that she be released from the Chilton County Jail on charges pending in the Chilton County District Court that arose from the same incidences and/or occurrences leading to Ms. Varden's incarceration on charges which were filed in the Clanton Municipal Court. Ms. Jones would therefore be a witness with information central to the issues being litigated in this case while simultaneously serving as the administrator of Ms. Varden's estate, creating a potential, but material, conflict of interest.

WHEREFORE, based upon the above and foregoing, the Defendant City of Clanton would OBJECT to the Motion of Peggy Jones to be substituted as the Plaintiff in this case as the Administrator of the Estate and Personal Representative of Christy Dawn Varden. The City would further reserve the right to file objections based on any newly discovered evidence or addition developments as the litigation progresses.

    Respectfully submitted,

    s/ R. Warren Kinney
    James W. Porter, II
    R. Warren Kinney
    *Counsel for Defendant*

**Porter, Porter & Hassinger, P.C.**
P.O. Box 128
Birmingham, Alabama 35201-0128
(205) 322-1744
jwporterii@pphlaw.net,
wkinney@pphlaw.net

Lee H. Copeland
Shannon L. Holiday
*Co-counsel for Defendant*

**Copeland, Franco, Screws & Gill**
Post Office Box 347
Montgomery, AL 36101-0347
(334) 834-1180
holliday@copelandfranco.com
copeland@copelandfranco.com

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been ***electronically filed*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon the following, this 8th day of April, 2015. If Notice of Electronic Filing indicates that Notice should be delivered by other means to any of the following, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

| | |
|---|---|
| Matthew Swerdlin, Esq.<br>1736 Oxmoor Road #101<br>Birmingham, AL 35209 | J. Mitch McGuire, Esq.<br>**McGuire & Associates, LLC**<br>31 Clayton Street<br>Montgomery, AL 36104 |
| William M. Dawson, Esq.<br>**Dawson Law Office**<br>2229 Morris Avenue<br>Birmingham, AL 35203 | Alec Karakatsanis, Esq.<br>**Equal Justice Under Law**<br>916 G Street, NW Suite 701<br>Washington, DC 20001 |

s/ R. Warren Kinney
OF COUNSEL