# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

|  |  |  |
|---|---|---|
| PEGGY JONES, as Administrator of the Estate and Personal Representative of Christy Dawn Varden, et al. | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:15-cv-34-MHT-WC |
| THE CITY OF CLANTON, | ) ) | (Class Action) |
| Defendant. | ) ) ) | |

## REPLY TO DEFENDANT'S OBJECTION TO MOTION FOR SUBSTITUTION

On April 8, 2015, the City filed an "objection" to the substitution of the original named Plaintiff's personal representative as the named Plaintiff in this case. Doc. 59. That objection both misunderstands the applicable law on the merits and is the wrong forum in which to make those legal arguments. The substitution should be made.

All of the City's arguments are contentions that the Administrator would not be a good representative of a certified class—the City claims that the Administrator has not herself been jailed illegally, that the Administrator lacks standing, and that she somehow has a conflict of interest because the City might want to call her as a witness with respect to one of its potential defenses.[1] But even if these arguments had any merit, which they do not, they are not arguments against the discrete issue of substitution after death under Fed. R. Civ. P. 25(a).[2] Instead, they are

---

[1] This claim is both difficult to understand and devoid of any citation or support. As a result, it is difficult to respond to it. Nonetheless, it is hard to see how, in the City's view, the Administrator is different from any plaintiff in any case who is also a witness to the violations that she suffered.

[2] Indeed, the City does not contend that the Administrator is not the proper party to seek individual compensatory relief for Ms. Varden's illegal jailing pursuant to the Complaint.

properly raised, briefed, and addressed as part of the class action certification analysis pursuant to

Fed. R. Civ. P. 23 or pursuant to a Motion to Dismiss. At that point, the City can provide legal

support and analysis for its contentions, and the Plaintiffs can respond accordingly.

There is no dispute that the Administrator has been validly appointed by the probate court

or that she is the proper party for substitution under Alabama law and federal law. The City's

objection should be overruled.

Respectfully submitted,

*/s/Matthew Swerdlin*
Matthew Swerdlin (ASB-9090-M74S)
1736 Oxmoor Road #101
Birmingham, AL 35209
(205)-793-3517
matt@attorneyswerdlin.com

*/s/ J. Mitch McGuire*
J. Mitch McGuire (ASB-8317-S69M)
McGuire & Associates, LLC
31 Clayton Street
Montgomery, AL 36104
(334)-517-1000
http://www.mandabusinesslaw.com

*/s/ William M. Dawson*
William M. Dawson (ASB-DAW002)
2229 Morris Avenue
Birmingham, Alabama 35203
205-307-7021

*/s/ Alec Karakatsanis*
Alec Karakatsanis (D.C. Bar No. 999294)
(Admitted *Pro Hac Vice*)
Equal Justice Under Law
916 G Street, NW Suite 701
Washington, DC 20001
(202)-681-2409
alec@equaljusticeunderlaw.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a copy of this Reply has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing upon counsel for the Defendant in this matter:

James W. Porter II
R. Warren Kinney

Porter, Porter & Hassinger, P.C.
P.O. Box 128
Birmingham, Alabama 35201-0128
(205) 322-1744
jwporterii@pphlaw.net, wkinney@pphlaw.net

Shannon L. Holliday
Lee H. Copeland

Copeland, Franco, Screws & Gill, P.A.
444 S. Perry Street (36104)
Post Office Box 347
Montgomery, AL 36101-0347
T: 334/834-1180 F: 334/834-3172
Email: holliday@copelandfranco.com
Email: copeland@copelandfranco.com

Counsel for Defendant – City of Clanton


*/s/ Alec Karakatsanis*
Alec Karakatsanis

Attorney for the Plaintiffs