```
         IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

            MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


PEGGY JONES, as               )
Administrator of the          )
Estate and Personal           )
Representative of Christy     )
Dawn Varden,                  )
                              )
     Plaintiff,               )
                              )    CIVIL ACTION NO.
     v.                       )      2:15cv34-MHT
                              )          (WO)
THE CITY OF CLANTON,          )
                              )
     Defendant.               )
```

## JUDGMENT

In accordance with the opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court as follow:

(1) The parties' joint motion for entry of final judgment (doc. no. 72) is granted.

(2) The parties' settlement agreement (doc. no. 72) is adopted as the order of the court.

(3) As expressly requested by the parties in their joint motion for entry of final judgment (doc. no. 72) at

2, the following facial declaration is adopted and entered by the court:

> "The use of a secured bail schedule to detain a person after arrest, without a hearing on the merits that meets the requirements of the Fourteenth Amendment regarding the person's indigence and the sufficiency of the bail setting, is unconstitutional as applied to the indigent. Without such a hearing, no person may, consistent with the Fourteenth Amendment, continue to be held in custody after an arrest because the person is too poor to deposit a monetary sum set by a bail schedule. If the government offers release from custody after an arrest upon the deposit of money pursuant to a bail schedule, it cannot deny release from custody to a person, without a hearing regarding the person's indigence and the sufficiency of the bail setting, because the person is unable to deposit the amount specified by the schedule. See Pugh v. Rainwater, 572 F.2d 1053 (5th Cir. 1978); Bearden v. Georgia, 461 U.S. 660 (1983); and State v. Blake, 642 So. 2d 959 (Ala. 1994)."

(4) The parties are to comply with all terms of the settlement agreement (doc. no. 72) for the period set out in the agreement.

(5) Plaintiff's claims are dismissed with prejudice but with two exceptions: the court retains jurisdiction

2

(a) to enforce the settlement agreement (doc. no. 72) for the period set out in the agreement and (b) to resolve the matter of attorney's fees.

(6) Plaintiff Peggy Jones is allowed 42 days from today's date to file a motion for attorney's fees, costs, and expenses.  The court will enter a briefing schedule after the motion is filed.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

This case is closed.

DONE, this the 14th day of September, 2015.

                                     /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE